IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ZALE BAKER,

    Plaintiff,

vs.                                    Case No. 4:08cv28-SPM/WCS

CHAD ANDERSON,
JACK HUBMANN, and
CHIEF WILLIAM WATFORD,

    Defendants.

                             /

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has filed a fourth amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 14.  Plaintiff has been given numerous opportunities to submit a viable complaint.  Those opportunities should now cease.

Plaintiff's allegations indicate that a marked police car was behind Plaintiff's vehicle on the interstate.  Doc. 14.  Plaintiff obviously was aware that he was being signaled to pull over, but Plaintiff refused to do so.  Plaintiff reports that "we knew we hadn't done anything so i [sic] was afraid and didn't stop."  *Id.*  Plaintiff states that he injured his thumb.  *Id.*  As the chase continued, and Plaintiff drove "all the way to

Gadsden County," he encountered Defendant Chief Watford. Id. Because Plaintiff continued his refusal to stop his vehicle, Defendant Watford rammed the vhicle. Id. Plaintiff alleges he injured his "right shoulder" and still has not received medical attention for his shoulder. Id. Finally, Plaintiff alleges that Defendant Hubmann also rammed the passenger door of his vehicle, causing Plaintiff's wife "to bleed . . . ." Id. Plaintiff's wife was pregnant at the time of this incident. Id.

Plaintiff contends he was denied medical attention even though he asked to be examined by medical personnel. Plaintiff claims he was injured because of the Defendants' negligence. Plaintiff seeks monetary damages of half a million dollars. Id.

As Plaintiff was previously advised, a claim for negligence fails to state a valid claim in a civil rights action. Docs. 11, 13. Plaintiff has alleged only negligence which is not a constitutional violation. Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). As the Defendants are alleged to have only been negligent in harming Plaintiff, this action should be dismissed.

Moreover, Plaintiff's only stated injury is a hurt thumb and an unspecified injury to his right shoulder. A hurt thumb is clearly not a significant injury and as such, it is insufficient. The allegations of injury to Plaintiff's right shoulder[1] are too conclusory and insufficient on their face to state a claim. The requirement for bringing a constitutional claim for physical injury is, at a minimum, a showing of harm due to the actions of state officers. See Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The absence of serious injury does not necessarily preclude relief, but

---

[1] It is unclear how Plaintiff's right shoulder would have been injured as Plaintiff was the driver of the vehicle and his wife was the passenger. See doc. 10, p. 5.

there must be more than a *de minimis* injury.  Plaintiff fails to allege serious injury to himself and he may not seek compensation for injury to his wife.

Furthermore, it cannot go unnoticed that Plaintiff's injuries here are a result of his failure to comply with instructions to pull over.  When directed by law enforcement to pull over, Plaintiff willfully refused to comply.  Plaintiff's injuries are caused by his own actions.  It would be unjust to reward Plaintiff for his refusal to comply with directions of law enforcement.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 16, 2008.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**